FIRST NATIONAL BANK AND TRUST COMPANY OF BRIDGEPORT, TRUSTEE
(Estate of Peter W. Wrenn)
vs.
CITY OF SHELTON

Superior Court     Fairfield County     File #49970

Present:   Hon. ALFRED C. BALDWIN, Judge.

Pullman & Comley,       Attorneys for the Plaintiff.

John J. O'Connell,       Attorney for the Defendant.

MEMORANDUM FILED NOVEMBER 12, 1936.

BALDWIN, J. This is an appeal from the Board of Relief of the City of Shelton.

The appellant, as trustee under the will of Peter W. Wrenn, holds real estate in Shelton which is described in the appeal as three pieces of land. The three pieces are contiguous to each other. They are located at the northeasterly corner of Howe Avenue and Bridge Street, and, with the exception of

a vacant lot, have buildings thereon. One of these buildings, the latest to have been constructed, is a bakery, the others accommodate stores, five altogether, an several apartments on second and third floors. A portion of the vacant lot is occupied by a lunch cart, space for such use being leased.

These buildings are from fifty to sixty years old, with the exception of the bakery, which is approximately twenty to twenty-five years old. The older buildings are of substantial brick, and wood construction, and in good condition of repair.

This property was assessed upon the list of October, 1935, at $56,950.00, and an appeal was duly taken to the Board of Relief, which board refused to reduce the assessment.

Evidence of replacement cost and depreciation of the buildings, capitalization of income therefrom and rentals from the vacant lot, the insurance thereon, rentability, obsolescence, etc., including evidence of the land value, was received. This evidence of the total value ran from $20,098.00 to a value somewhat in excess of the value found by the Assessors.

The evidence of income shows that this property for a period of three years, which period included the date of this assessment, was maintained at a loss, which loss has been unavoidable.

The property has been well managed. Shelton has suffered rather severely from the depression and some rentals from this property have been uncollectible and vacancies have occurred. Leases from month to month more generally prevailed. In a few instances leases for a longer term existed, but in such instances the terms could not be said to be long terms or at good rentals. They were, however, the best, under the conditions obtainable.

No sale of the property has been possible without a loss resulting that would indicate poor judgment in selling. That the best use of the property that could be made of it, was made, is clearly indicated.

The evidence offered upon the trial, in so far as it appeared obtainable, applied to conditions of consideration in finding the true and actual value of property discussed in the opinion in **Underwood Typewriter Co. vs. The City of Hartford, 99 Conn. 329, 122 Atl. 91**, and, **Somers vs. City of Meriden, 119 Conn. 5, 174 Atl. 184, 95 A.L.R. 434.**

Consideration of all of the evidence and the well-prepared briefs of counsel, the evidence from the witness Whitney, I find the more accurately expresses the true and actual value of this property. Mr. Whitney, a realtor of many years of active experience in the sales, renting and management of real estate in Shelton and in that vicinity, and in the management of this property for a period of eight years, testified that the value of this property, as of October 1, 1935, was $34,200.00. In so far as conditions to be considered in fixing the true and actual value which he took into account, the valuation he testified to was an accurate valuation. The condition or conditions which it does not appear that he took into account relate to improving economic conditions. Prospective improvement in earnings, as well as present and past earnings are an important element of consideration. **Somers vs. Meriden, supra.** Improving economic conditions as related to real estate in general, and particularly in Shelton, reasonably should add $5,000.00 to the value fixed by Mr. Whitney.

Applying the principles of law laid down in the cases referred to, the value fixed by the Assessors was not the true and actual value. The true and actual value contemplated by the statutes as of October 1, 1935, was $39,200.00 and the Board of Relief should have reduced the assessment accordingly.

Judgment may be entered in accordance with this memorandum.